**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4293**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JAVON ALEXANDER RANDOLPH,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., Chief District Judge.  (1:16-cr-00374-WO-1)

Submitted:  November 28, 2017                         Decided:  February 6, 2018

Before NIEMEYER, MOTZ, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

George E. Crump, III, Rockingham, North Carolina, for Appellant.  Terry Michael Meinecke, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM

Javon Alexander Randolph pled guilty, pursuant to a written plea agreement, to Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) (2012). The district court sentenced him to 100 months' imprisonment followed by three years of supervised release, and ordered him to pay $4982 in restitution. Randolph's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether Randolph received ineffective assistance of counsel and whether the district court imposed a unreasonable sentence. We affirm.

Claims of ineffective assistance of counsel are not addressed on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507–08 (4th Cir. 2016). To succeed on an ineffective assistance of counsel claim, a defendant "must show that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the performance prong, the defendant must show that counsel's performance "fell below an objective standard of reasonableness." *Id.* at 688. We "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. To satisfy the prejudice prong, the defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the

outcome." *Id.* at 694. Because nothing in the record suggests that counsel was ineffective, Randolph's claim is not cognizable on direct appeal.

We review Randolph's sentence for reasonableness, applying "a deferential abuse-of-discretion standard."* *Gall v. United States*, 552 U.S. 38, 41 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. *Id.* at 51. In assessing procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. *Id.* at 49–51. If there are no procedural errors, the court then considers the substantive reasonableness of the sentence, evaluating "the totality of the circumstances." *Id.* at 51. A sentence is presumptively reasonable if it is within the advisory Guidelines range, and this "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

We discern no abuse of discretion in the district court's imposition of a 100-month sentence. The district court properly calculated the Guidelines range, considered the arguments of the parties, and explained the sentence in light of the § 3553(a) factors.

---

* Counsel acknowledges that Randolph waived his right to appeal except on the grounds of ineffective assistance of counsel, prosecutorial misconduct, a sentence outside the statutory maximum, or a sentence based on an unconstitutional factor. However, because the Government has not sought to enforce the waiver, our review pursuant to *Anders* is not precluded. *United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir. 2007).

Because Randolph's sentence is within the advisory Guidelines range, it is presumed reasonable on appeal, and nothing in the record rebuts that presumption.

In accordance with *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Randolph, in writing, of the right to petition the Supreme Court of the United States for further review. If Randolph requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Randolph.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*